UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WILLIAM WELLINGTON WILLIAMS,

        Defendant.

Crim. No. 04-254 ADM/AJB

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

In October 2004, the above-named Defendant pled guilty to a federal bank robbery offense in this case. He was later sentenced to 77 months in federal prison, and he is presently serving his sentence at the Federal Correctional Institution in Oxford, Wisconsin.

As part of Defendant's sentence, he was ordered to pay restitution in the total sum of $8,995.00. The sentencing order required that such restitution be paid in the following manner:

> "Over the period of incarceration, the defendant shall make payment of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. It is recommended that the defendant participate in the Inmate Financial Responsibility Program while incarcerated. Payments of not less than $50 per month are to be made over a period of 3 years commencing 30 days after release from confinement."

(Judgment filed April 29, 2005, [Docket No. 68], p. 6.)

Defendant did not file a direct appeal. However, two years after his sentencing, he filed a self-styled document entitled "Motion to set Method of payment on fine, 18 § U.S.C. 3572," (Docket No. 69), which is now before the Court.

Defendant is seeking an order that would establish a "reasonable" payment schedule for his restitution debt. For the reasons discussed below, Defendant's motion will be DENIED.[1]

## II. DISCUSSION

Defendant's motion reveals a misunderstanding of two fundamental aspects of his sentence. First, the caption of the motion refers to a "fine," but, in fact, no fine was imposed in this case. Presumably, Defendant's motion is intended to challenge the <u>restitution</u> component of his sentence. Second, Defendant's motion erroneously states that "By the court not scheduling a payment method in my judgement/commitment I'm forced to give 50% of my monthly earnings." As noted above, the judgment in this case does, in fact, include a rather detailed "payment method," which specifically requires that, if Defendant is working at a UNICOR job, "a minimum of 50 percent of his monthly earnings" must be applied toward his restitution obligation. Defendant evidently believes that this requirement is not "reasonable" and should be modified.

Whether Defendant believes (a) that the restitution terms of his sentence were unreasonable <u>ab</u> <u>initio</u> – i.e., that the Court erred at the time of the original sentencing, or (b) that the restitution terms of the sentence have become unreasonable due to some post-sentencing change in his financial circumstances is unclear. In either case, Defendant's motion must be denied.

If Defendant believes that the Court erred at the time of his sentencing, by imposing an

---

[1] Defendant's motion bears the case number "Cr 02-254 (1)," rather than the case number for this case, which is Crim. No. **04**-254. Although Defendant also was convicted and sentenced in Cr 02-254, he was not ordered to pay any fine or restitution in that case. Furthermore, the present motion is specifically addressed to the undersigned District Court Judge, who was the presiding judge in this case, (i.e., Crim. No. 04-254). Therefore it is assumed that Defendant intended to file his motion in this case, (Crim. No. 04-254).

unreasonable restitution payment schedule, he should have challenged his sentence on direct appeal. By failing to file a direct appeal, Defendant waived his opportunity to challenge the restitution component of his sentence, as imposed. Cani v. United States, 331 F.3d 1210, 1214 (11th Cir. 2003) ("although a restitution calculation may be contested for the first time on direct appeal, which will give rise to plain error review, we can find no case (and have been cited to none) in which a defendant has been permitted to advance such a challenge for the first time in a collateral proceeding"); United States v. Surber, 94 Fed.Appx. 355, 356 (7th Cir. 2004) (unpublished opinion) (challenge to original restitution order could have been raised on direct appeal, but "district court was without jurisdiction to consider it four years later in a petition seeking a modification of the payment schedule").

Although it is now too late to challenge the validity of the original restitution order imposed, Defendant can still ask the Court to now modify the terms of that order. A restitution order can be modified, even if it was valid when imposed, pursuant to 18 U.S.C. § 3664(k), which provides as follows:

> "A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."[2]

---

[2] Defendant has cited 18 U.S.C. § 3572(d)(3) in support of his motion, but that statute refers only to the modification of fines, not restitution. The statutory counterpart to § 3572(d)(3), which allows district courts to modify restitution orders, is § 3664(k). See United States v. Cobb, 41 Fed.Appx. 840, 841 (7th Cir. 2002) (noting that § 3664(k) permits modification of a restitution order,

Section 3664(k) clearly authorizes federal district courts to modify the terms of a previously-imposed restitution order – but only when there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." United States v. Vanhorn, 399 F.3d 884, 886 (8th Cir. 2005) (per curiam), quoting § 3664(k). In this case, the restitution order cannot be modified pursuant to § 3664(k), because Defendant has not shown that his financial situation has changed in any material respect since his sentencing.

Defendant claims that he needs money to pay for his education, to build savings for his life after prison, and to "pay for... calls to stay in touch with family." However, those matters were envisioned when Defendant's sentence was imposed. They do not involve any material post-sentencing change of circumstances.

At the time of Defendant's sentencing, the Court evaluated all of the factors pertinent to restitution, and imposed a payment schedule that took into consideration all of the criteria prescribed by 18 U.S.C. § 3664(f)(2).[3] The Court recognized that Defendant would have only a very limited income while he was in prison, that he would need to save some of his income for his life after prison, and that he should have some nominal disposable income during his imprisonment. Those

---

while § 3572(d)(3) is "the parallel provision concerning fines").

[3] 18 U.S.C. § 3664(f)(2) requires that –

"Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of–

    (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
    (B) projected earnings and other income of the defendant; and
    (C) any financial obligations of the defendant; including obligations to dependents."

matters were fully taken into account when Defendant's restitution payment schedule was imposed.

Because Defendant's current motion does not show that his financial situation has changed in any material way since the restitution payment schedule was established, his restitution order cannot be modified pursuant to § 3664(k).  See Cani, 331 F.3d at 1216 (federal prisoner not entitled to relief under § 3664(k) where he failed to show that his "economic circumstances have changed in any way since the imposition of his sentence, and thus his present financial status is no different from that contemplated by the district court when it imposed the restitution order"); Surber, 94 Fed.Appx. at 356 (defendant's "desire to save money for his release is not a material change in economic circumstances," and "he did not show that his financial position after [a] pay cut was materially different than the position he was in when the district court imposed the restitution order").  Defendant's motion must therefore be denied.

### III.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Defendant's "Motion to set Method of payment on fine, 18 § U.S.C. 3572," (Docket No. 69), is DENIED.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 10, 2007.