**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Crim. No. 04-254 (1) ADM/AJB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| William Wellington Williams, | |
| Defendant. | |

This matter is presently before the Court on Defendant's self-styled "Motion For Transcripts And Any Investigative Reports." (Docket No. 71.) Defendant is asking for free copies of various transcripts and related materials from the record in this case. He contends that these transcripts and related materials "are required to assist Petitioner William Wellington Williams, in drafting a Pro SE Motion under 28 U.S.C.S. § 2255."

However, a defendant in a federal criminal case is <u>not</u> automatically entitled to free copies of transcripts or other materials for use in connection with § 2255 post-conviction proceedings. The applicable statute, 28 U.S.C. § 753(f), provides that –

> "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose <u>if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal</u>." (Emphasis added.)

This statute clearly indicates that free transcripts do not have to be provided to indigent post-conviction petitioners in every case. "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue

presented by the suit." Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993). See also United States v. Losing, 601 F.2d 351, 353 (8th Cir. 1979) ("it is clear that a majority of the [Supreme] Court [has] concluded that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case").

In this case, Defendant has not identified any specific need for the transcripts and other materials that he is requesting. To the contrary, it clearly appears that Defendant is seeking free transcripts and other materials simply to peruse them, with the hope of finding something that might somehow support a collateral challenge to his conviction or sentence. However, transcripts and related materials will not be provided free of charge for such purposes. See Fadayiro v. United States, 30 F.Supp.2d 772, 780 (D.N.J. 1998) ("[s]ection 753(f) prevents the situation in which an indigent prisoner obtains a free transcript merely to 'search for error in an attempt to generate a basis for collaterally attacking a conviction'"), quoting United States v. Marias, No. Crim. A. 92-256-2, (E.D.Pa. 1995), 1995 WL 221353 at *1. See also Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964) ("'[a]n indigent [criminal defendant] is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw'") (per curiam), quoting United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963); Prince v. United States, 312 F.2d 252, 253 (10th Cir. 1962) (per curiam) ("[t]here is no statutory authority under 28 U.S.C.A. § 1915, 28 U.S.C.A. 753, or elsewhere, allowing the expenditure of government funds as an aid to impecunious persons exploring the possibility of post conviction remedies").

Because Defendant has not shown a genuine need for any transcripts or related materials in order to support a specific claim in a pending proceeding, his current motion must be denied.[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Defendant's "Motion For Transcripts And Any Investigative Reports," (Docket No. 71), is DENIED.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 27, 2009.

---

[1] As an aside, the Court notes that Defendant's conviction in this case became final several years ago, and it therefore appears that he is now time-barred from seeking relief under § 2255. See 28 U.S.C. § 2255(f) (§ 2255 motions are subject to a one-year statute of limitations).